

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MARK HECHT,

        **Plaintiff,**

v.                                                          Civil Action No.: 2:18-cv-542

UNITED JEWISH FEDERATION OF
TIDEWATER, INC.,

        **Defendant.**

### *MEMORANDUM OPINION AND ORDER*

Before the Court is United Jewish Federation of Tidewater's ("Defendant") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] Having reviewed the parties' filings, the Court finds that a hearing is not necessary. For the reasons set forth below, this case is **REMANDED** to the Circuit Court for the City of Virginia Beach, Virginia. As such, Defendant's Motion to Dismiss is **MOOT**.

### I.    BACKGROUND & PROCEDURAL HISTORY

Mark Hecht ("Plaintiff") and Defendant are citizens of Virginia. ECF No. 1-1 at 2. The parties executed a Consulting Agreement with Defendant whereby the parties contracted for the provision of Plaintiff's services on November 23, 2011. *Id.* at 15–16. Defendant classified Plaintiff as an independent contractor per the Consulting Agreement. *Id.* Plaintiff received no Defendant Employee Benefits during this period of employment. *Id.* at 5. However, the Virginia Employment Commission separately classified Plaintiff as an employee in 2013 and 2015 audits.

---

[1] Defendant brings its Motion under Rule 12(b)(1) and (6). Defendant raises its ERISA preemption arguments under Rule 12(b)(1), but such arguments are properly pled under Rule 12(b)(6). *Fanney v. Trigon Ins. Co.*, 11 F. Supp. 2d 829, 832 (E.D. Va. 1998) (quoting 29 U.S.C. § 1144(a)); *see also Barber v. Unum Life Ins. Co. of Am.*, 383 F.3d 134, 136 (3d Cir. 2004); *Zuniga v. Blue Cross & Blue Shield of Mich.*, 52 F.3d 1395, 1397 (6th Cir. 1995); *Barrientos v. Reliance Standard Life Ins. Co.*, 911 F.2d 1115, 1116 (5th Cir. 1990). As such, the Court will consider the Motion solely under Rule 12(b)(6).

1

*Id.* at 6. However, Defendant did not inform Plaintiff of the results of the audits. *Id.* at 6. Defendant terminated Plaintiff's independent contractor relationship on April 28, 2017. *Id.* at 7. Defendant then filed for unemployment compensation with Defendant, which it denied because he was an independent contractor, not an employee. *Id.* During these proceedings, Defendant first learned about the Virginia Employment Commission's 2013 and 2015 audits. *Id.*

On June 13, 2018, Plaintiff filed a six count Complaint against Defendant in the Circuit Court of the City of Virginia Beach, Virginia and alleged that he was denied benefits because he was miscategorized as an independent contractor rather than an employee. *Id.* at 8. According to Plaintiff, Defendant misrepresented Plaintiff's status as an independent contractor so that Defendant would not have to provide Plaintiff with employee benefits, including health, life, and disability insurance. *Id.* at 5. Plaintiff brings claims for breach of contract (Count II), unjust enrichment (Count III), actual fraud (Count IV), constructive fraud (Count V), and statutory claim under the Virginia Unemployment Compensation Act, Va. Code. § 60.2-100, *et seq.* ("VUCA") (Count VI). ECF No. 1-1 at 8–13. Defendant also sought a declaratory judgment (Count I) but then later voluntarily dismissed this count. ECF No. 12 at 9.

Defendant removed this action to this Court on federal question jurisdiction grounds on October 8, 2018. ECF No. 1 at 3. On October 10, 2018, Defendant moved to dismiss the remaining five counts of Plaintiff's Complaint pursuant to Rule 12(b)(6). ECF Nos. 5–6. Plaintiff filed a corrected response on November 2, 2018. ECF No. 11. Defendant replied on November 7, 2018. ECF No. 12. The Court allowed Plaintiff to file a sur-reply on December 14, 2018. ECF No. 13. Plaintiff filed its sur-reply on January 5, 2019. ECF No. 15. Defendant argues that Counts II, III, IV, and V are (1) completely preempted under the Employment Retirement Income Security Act of 1974 ("ERISA"); (2) barred by ERISA's statute of limitations; (3) barred due to failure to

exhaust administrative remedies; and (4) barred by Virginia's statute of limitations. *See* ECF No. 6 at 4–13; ECF No. 12 at 5–7. Defendant also argues that Count VI is barred due to failure to allege sufficient facts. ECF No. 6 at 13–18.

### I. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of actions that fail to state a claim upon which relief can be granted. The United States Supreme Court has stated that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Specifically, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Moreover, at the motion to dismiss stage, the court is bound to accept all of the factual allegations in the complaint as true. *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Assessing the claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In considering a Rule 12(b)(6) motion to dismiss, the Court cannot consider "matters outside the pleadings" without converting the motion to a summary judgment. Fed. R. Civ. P. 12(d). Nonetheless, the Court may still "consider documents attached to the complaint, . . . as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007); *see also* Fed. R. Civ. P. 10(c); *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) ("When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits

3

attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein.").

## II. DISCUSSION

### A. ERISA Preemption

"ERISA comprehensively regulates, among other things, employee welfare benefit plans that, 'through the purchase of insurance or otherwise,' provide medical, surgical, or hospital care, or benefits in the event of sickness, accident, disability, or death." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 44 (1987) (citing 29 U.S.C. § 1002(1)). Congress designed ERISA to ultimately "protect . . . the interests of participants in employee benefit plans and their beneficiaries" by establishing a set of regulatory requirements that "provid[e] for appropriate remedies, sanctions, and ready access to the Federal courts." 29 U.S.C. § 1001(b). Furthermore, ERISA maintains distinct preemption provisions over state law that ensure that employee benefit plan regulation is "exclusively a federal concern." *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 523 (1981); *see* 29 U.S.C. § 1144. ERISA completely preempts any state law claim or remedy based on any wrongful withholding of benefits promised under an employee benefit plan. *See Aetna Health, Inc. v. Davila*, 542 U.S. 200, 220 (2004).

ERISA completely preempts any state law claim or remedy based on wrongful withholding of benefits promised under an employee benefit plan. *See, e.g., Aetna Health, Inc. v. Davila*, 542 U.S. 200, 220 (2004). The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has recognized three elements for complete preemption: (1) Plaintiff must have standing under § 502(a); (2) Plaintiff's claims must be within the scope of § 502(a)[, 29 U.S.C. § 1132(a), known as the civil enforcement provision,]; and (3) Plaintiff's claims "must not be capable of resolution

'without an interpretation of the contract governed by federal law,' *i.e.*, an ERISA-governed employee benefit plan." *Sonoco Prods. Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 372 (4th Cir. 2003) (quoting *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1487 (7th Cir. 1996)) (internal quotation marks omitted).

## B. Participants under ERISA

Under ERISA civil enforcement provision, a "participant" is entitled bring a cause of action. 29 U.S.C. § 1132(a). ERISA defines a participant as "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit." 29 U.S.C. § 1002(7). A former employee "may become eligible" if he or she has "'a reasonable expectation of returning to covered employment' or who have 'a colorable claim' to vested benefits." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117 (1989); *see also Davis v. Featherstone*, 97 F.3d 734, 736 (4th Cir. 1996). Such a colorable claim must be one "that (1) he or she will prevail in a suit for benefits, or that (2) eligibility requirements will be fulfilled in the future." *Firestone Tire*, 489 U.S. at 117–18.

Plaintiff is a former employee. ECF No. 1-1 at 2. He does not have a reasonable expectation to return to work for Defendant, and therefore "covered employment." *Id.* at 7. Because of his termination, he will not meet any eligibility requirements in the future. *Id.* Finally, Plaintiff is not suing Defendant for benefits, but rather for damages equal to the value of his denied benefits. *Id.* at 13. He does not seek for Defendant's employee benefit plan to pay for his vacation days or sick leave or anything else; instead, he is seeking for Defendant to compensate him for the harm he has endured due to Defendant's alleged misclassification. *Id.*

Three other misclassification cases have dealt with similar circumstances. In *Gray v. FedEx Ground Package Sys., Inc.*, No. 4:06-cv-422, 2014 WL 4386741 (E.D. Mo. Sept. 5, 2014),

5

the defendants argued that ERISA preempted the plaintiffs from recovering the value of employee benefits in the form of damages for their fraudulent misrepresentation. *Id.* at *1. The defendant in the *Gray* case did not argue that the plaintiffs' fraud claims related to an ERISA plan. *Id.* at *2. The court found that ERISA did not preempt the plaintiffs from recovery, based on a seven factors, because they "seek the value of employee benefits denied them based on their misclassification as independent contractors; any damages would come from FedEx, not from the plan itself." *Id.*

Similarly, in *Coon-Retelle v. Verizon New England Inc.*, No. 16-11530, 2017 WL 1234115 (D. Mass. Mar. 10, 2017), the court found that "simply because ERISA benefits may be implicated does not mandate complete preemption." *Id.* at *7 (citing *Children's Hosp. Corp. v. Kindercare Learning Ctrs., Inc.*, 360 F. Supp. 2d 202, 207 (D. Mass. 2005). Moreover, "to the extent that the state court may be directed to the ERISA plans to compute damages based upon the alleged denial of benefits stemming from her misclassification, Verizon could still invoke ERISA conflict preemption as an affirmative defense against paying ERISA-based damages." *Id.*

Finally, in *Rosset v. Hunter Eng'g Co.*, No. 14-01701, 2014 WL 8623332 (N.D. Cal. Aug. 15, 2014), the court also found that former employees alleging misclassification and suing for the value of benefits is not a colorable claim for benefits but rather "'a colorable claim for damages.'" *Id.* at *8 (quoting *Brown v. Google, Inc.*, No. C-05-01779, 2005 WL 1868186 (N.D. Cal. Aug. 3, 2005). Like the case at bar, "a claim that a former employee plaintiff *should have been included* in a plan, but *actually was not included* in a plan, does not give a [] plaintiff a 'colorable claim to vested benefits' for ERISA standing purposes." *Id.* (emphasis in original) (quoting *Curtis v. Nev. Bonding Corp.*, 53 F.3d 1023, 1028–29 (9th Cir. 1995), *overruled on other grounds by Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 971 (9th Cir. 2012)).

Because Plaintiff is "[a] former employee who has neither a reasonable expectation of returning to covered employment nor a colorable claim to vested benefits," he is not a participant under ERISA, and his claims are not preempted. *Firestone Tire*, 489 U.S. at 118.

## C. Subject Matter Jurisdiction and Remand

Federal courts are courts of limited jurisdiction and may not exercise jurisdiction absent a statutory basis. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

Unless a matter involves an area over which federal courts have exclusive jurisdiction, a district court has subject matter jurisdiction over a case only where the matter involves a federal question arising "under the Constitution, laws or treaties of the United States," 28 U.S.C. § 1331, or if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States," 28 U.S.C. § 1332(a)(1).

Lack of subject matter jurisdiction may be noticed by the Court *sua sponte*. *See Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008 (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006)). As such, if a matter is removed from state court but the federal court finds subject matter jurisdiction is lacking, it may issue an order to remand pursuant to 28 U.S.C. § 1447(c) *sua sponte*. *Id.*

Defendant removed this case based on federal question jurisdiction because it believed Plaintiff's claims were preempted by ERISA. ECF No. 1 at 3–6. The Court has found that ERISA does not preempt Plaintiff's state law claims, so there is no federal question jurisdiction under 28 U.S.C. § 1331. The parties are both citizens of Virginia. ECF No. 1-1 at 2. Therefore, diversity

jurisdiction does not exist under 28 U.S.C. § 1332(a)(1). As such, the Court finds that it lacks subject matter jurisdiction over this case and will therefore *sua sponte* remand the matter to state court under 28 U.S.C. § 1447(c).

## IV. CONCLUSION

For the reasons stated above, this Court lacks subject matter jurisdiction. This matter is hereby **REMANDED** to the Circuit Court for the City of Virginia Beach, Virginia. Therefore, Defendant's Motion to Dismiss is **MOOT**.

The Clerk is **DIRECTED** to provide a copy of this Memorandum Opinion and Order to counsel and parties of record.

**IT IS SO ORDERED.**

Norfolk, Virginia
January /6, 2019

Raymond A. Jackson
United States District Judge